IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

**FILED**
JUL 1 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

JAMES RANDALL GUTTERY, )
an individual )
 )
    Plaintiff )
 )
vs. ) CV NO. 97-HM-0318-NW
 )
DAVY INTERNATIONAL, a corporation, )
ECLIPSE COMBUSTION, a corporation, )
ROBERT ELLSON, an individual and )
ROBERT DAUGHERTY, an individual )
 )
 )
 )
    Defendants )

**ENTERED**
JUL 0 2 1997

## MEMORANDUM OF DECISION

The above entitled civil action which was commenced by JAMES RANDALL GUTTERY in this United States District Court for the Northern District of Alabama, Northwestern Division, on February 7, 1997 against Defendants DAVY INTERNATIONAL, ECLIPSE CORPORATION, ROBERT ELLSON and ROBERT DAUGHERTY is before the Court upon Defendant Eclipse Combustion's: [1] Motion to Dismiss and/or Transfer [filed March 14, 1997], [2] Motion to Dismiss and/or Transfer [filed March 20, 1997][filed subsequent to filing on March 17, 1997 of Plaintiff's Amended Complaint] and [3] Amended Motion to Dismiss and/or Motion to Transfer [filed June 13, 1997]. Also before the Court is Defendant Davy International's: [1] Motion to Dismiss/Motion to Transfer [filed June 16, 1997]; and [2] Notice of Filing Affidavit [filed June 23, 1997].

On May 9, 1997 this Court granted Defendant Eclipse's Motion for Leave to File Evidence in Support of its Motion to Dismiss

and/or Transfer and also directed Plaintiff to file any response or objection to Defendant Eclipse's Motion to Dismiss and/or Transfer within ten consecutive, calendar days of receipt of Defendant Eclipse's evidentiary submissions. Both parties duly complied with this Court's May 9, 1997 Order.

On June 3, 1997, in reviewing again Defendant Eclipse's Motions to Dismiss and/or Transfer, the Court noted that Defendant Eclipse Combustion assigned four grounds in support thereof:

1. This Court lacks subject matter jurisdiction over this case;

2. This Court lacks *in personam* jurisdiction over this defendant;

3. That venue is improper for this action in this district and/or state;

4. That venue for this action would be more convenient in another forum.

In its June 3, 1997 Order, the Court further noted that Defendant/Movant Eclipse Combustion's Motion to Dismiss/Transfer did not inform the Court what rules of Federal Civil Procedure the supporting grounds of the motion were predicated upon and furthermore, both Motions to Dismiss/Transfer of Defendant Eclipse failed to inform this Court as to what city or state and/or to what federal district court and division the Defendant Eclipse was requesting this Court to consider transfer of the above entitled civil action. Therefore, this Court ordered that Defendant Eclipse amend its Motions to Dismiss/Transfer within ten [10] consecutive, calendar days of entry date of this Order to specifically inform this Court: [1] which provisions of the Federal Rules of Civil

Procedure it was basing its Motions to Dismiss/Transfer upon; and [2] what city and state and preferably which federal district court and division in that state Defendant Eclipse was requesting this Court consider transfer of the above entitled civil action. The Court noted that if Defendant Eclipse elected, it might file one Motion to Dismiss/Transfer relating to both Plaintiff's Original Complaint and Amended Complaint. The Court also ordered that Defendant Eclipse file any and all evidentiary submissions in support of its Motion(s) to Dismiss/Transfer with the Office of the Clerk of this Court within ten consecutive, calendar days of entry date of the Court's Order.

In its June 3, 1997 Order, the Court further ordered that Plaintiff James Randall Guttery file any response or objection or evidence in opposition to Defendant Eclipse's Amended Motion(s) to Dismiss/Transfer with the Office of the Clerk of this Court within ten consecutive, calendar days from the receipt by Plaintiff's counsel of record of copies of the Amended Motion with the evidentiary submissions made to this Court by counsel of record for the Defendant Eclipse Combustion pursuant to the Court's Order.

*FACTUAL AND PROCEDURAL BACKGROUND*

The above entitled civil action was commenced in this federal district court by Plaintiff James Randall Guttery on February 7, 1997 against the corporate Defendants Davy International and Eclipse Combustion and the individual Defendants Robert Ellson and Robert Daugherty pursuant to 28 U.S.C. § 1332 asserting that there is diversity of citizenship between Plaintiff and all Defendants

3

and the amount in controversy exceeds $75,000.00. In his Complaint, Plaintiff alleges that he is a citizen of Colbert County, Alabama, that individual Defendant Robert Ellson is a citizen of Westmoreland County, Pennsylvania and that Defendant Robert Daugherty is a resident of Chesterfield, Virginia. In his Amended Complaint [filed March 17, 1997], Plaintiff alleged that Defendant Davy International is a Delaware corporation with its principal place of business in the State of Pennsylvania and that Defendant Eclipse Combustion is an Illinois corporation with its principal place of business in the State of Illinois.

In his Complaint, Plaintiff alleges that "while working in the line and scope of his employment with the Alloys Plant of Reynolds Metals Company located in Sheffield, Alabama," he was caused to be injured when an industrial furnace he was testing exploded and knocked him twenty feet away. Plaintiff states the furnace was manufactured by the Defendant Davy International which contained a burner that was manufactured by Defendant Eclipse Combustion which Defendant Davy International had hired to assist in the design, manufacture and/or testing of the furnace. Plaintiff further states that at the time of the explosion, the individual Defendants Robert Ellson and Robert Daugherty were making adjustments to the furnace; therefore, Plaintiff alleges that individual Defendants Ellson and Daugherty were servants, agents and/or representatives of corporate Defendants Davy International and/or Eclipse Combustion.

Count I of Plaintiff's Complaint alleges that Defendant Davy

4

International negligently and/or wantonly designed and manufactured the furnace in question in this lawsuit and expressly and/or impliedly warranted the furnace in question which allegedly caused Plaintiff's injuries. Count I further alleges that Plaintiff's injuries and damages were caused as a proximate consequence of the "negligent willful, and/or wanton conduct, breach of contract, breach of warranty, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, DAVY, ECLIPSE, ROBERT ELLSON and ROBERT DAUGHERTY."

Count II of Plaintiff's Complaint alleges that Defendant Eclipse negligently and/or wantonly designed and manufactured the burner in question in this lawsuit and expressly and/or impliedly warranted the burner in question which allegedly caused Plaintiff's injuries. Count II further alleges that Plaintiff's injuries and damages were caused as a proximate consequence of the "negligent willful, and/or wanton conduct, breach of contract, breach of warranty, violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines, and other wrongful conduct of the defendants, DAVY, ECLIPSE, ROBERT ELLSON and ROBERT DAUGHERTY."

Count III of Plaintiff's Complaint alleges that individual Defendants Ellson and Daugherty were "negligent, wanton and/or reckless because the defendants knew or through the exercise of reasonable care, should have known that such negligent, wanton and/or reckless conduct would cause the plaintiff to be injured." Plaintiff's Complaint further alleges that "his injuries and damages were caused as a proximate consequence of the negligent, willful

5

and/or wanton conduct of ROBERT ELLSON and ROBERT DAUGHERTY."

The prayers for relief in each count seek relief against the defendants "jointly and severally."

## DISCUSSION

### I. TRANSFER OF CIVIL ACTIONS UNDER 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides: "For the convenience of he parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court must first determine whether the action could have been brought in the proposed transferee district court. 28 U.S.C. § 1404(a). This Court hereby finds, holds and concludes that this instant action could have been filed in the United States District Court for the Eastern District of Virginia, Richmond Division. That court has original subject matter jurisdiction over the alleged conduct in question in this civil action based upon diversity and amount in controversy. 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1391(a)(2), venue is proper in Virginia because the incident in question occurred in the State of Virginia, the acts or omissions immediately leading up to the explosion necessarily occurred in the State of Virginia, any post-accident investigation and/or reconstruction necessarily occurred in the State of Virginia, and witnesses performing such investigation and/or reconstruction necessarily, if not residents of the State of Virginia, were in the State of Virginia performing those tasks.

After determining whether the action could have been brought

6

in the transferee district, a district court must decide whether the balance of convenience favors transfer. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994)(Albritton, J.). The United States Supreme Court has identified a number of factors to consider in determining whether a § 1404 transfer is warranted:

    (1) the relative ease of access to sources of proof;

    (2) availability of compulsory process for attendance of unwilling witnesses;

    (3) the cost of obtaining attendance of willing witnesses;

    (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). In determining the appropriateness of a transfer, a district court may also consider where the operative facts underlying the cause of action transpired. *Johnston*, 158 F.R.D. at 504 (citing *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8 (S.D. Fla. 1985)). After a careful consideration of the facts in this case, the Court holds and concludes that transfer to the United States District Court for the Eastern District of Virginia, Richmond Division is the most appropriate forum for the above entitled civil action for three reasons: (1) the accident in question alleged by Plaintiff in his Complaint occurred in Virginia; (2) the acts or omissions immediately leading up to the explosion occurred in Virginia; (3) any post-accident investigation and/or reconstruction necessarily occurred in Virginia and witnesses performing such

investigation and/or reconstruction necessarily, if not residents of Virginia, were in Virginia performing these tasks; and (4) Virginia law applies to this civil action.

### A. CONVENIENCE OF THE WITNESSES

In support of its Motion to Transfer, Defendant Eclipse submits the affidavit and supplemental affidavit of Paul E. Carpenter, Vice-President and Controller of Eclipse Combustion. Mr. Carpenter states that the burner involved in the accident in question was manufactured at Eclipse's Rockford, Illinois plant. The burner parts manufactured by Eclipse were later purchased by Ellson Equipment Company, Inc. through its Rockford, Illinois office and shipped directly to Ellson Equipment in Pittsburgh, Pennsylvania. Mr. Carpenter further states his review of Eclipse's documents do not reflect that this particular equipment was sold to and/or shipped to any Alabama persons or entities.

The individual defendant Robert Daugherty has filed a Motion to Dismiss [filed March 26, 1997] on the basis that this Court has no personal jurisdiction over him as he is a resident of Virginia and has no contact with Alabama. The individual defendant Robert Ellson has filed a Motion to Dismiss, or in the Alternative, For a More Definite Statement [filed March 26, 1997] pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(e) on the basis that this Court has no personal jurisdiction over him because Defendant Ellson has had no contact with either Alabama. He also asserts that venue is improper because Ellson does not reside in Alabama, no incident relating to the events underlying the claim took place

in Alabama and there is no personal jurisdiction over Ellson in Alabama. Both individual Defendants Daugherty and Ellson filed affidavits with their respective motions and the corporate Defendant Eclipse Combustion has adopted and submitted their affidavits in support of its Motion to Dismiss and/or Transfer.

In support of its Motion to Transfer or To Dismiss, the corporate Defendant Davy International filed the affidavit of James O'Brien, Manager of Safety for Davy International stating that he was involved in Davy International's investigation and determination as to the cause of the accident in question in this lawsuit. Mr. O'Brien stated the accident in question occurred in Richmond, Virginia and that the test furnace was manufactured in Pennsylvania and shipped to Richmond, Virginia. Furthermore, Mr. O'Brien stated the test furnace was not shipped to Alabama although the test furnace was being tested for two other furnaces that were ultimately shipped to Alabama.

Based on the record of evidence in the court file in this civil action, the Court finds that the following factual circumstances present in the instant case weigh in favor of transfer:

(1) The accident in question occurred in Virginia.

(2) The acts or omissions immediately leading up to the accident in question occurred in Virginia.

(3) One of the defendants, Defendant Ellson, resides in Virginia. The Plaintiff Guttery is the only party who resides in Alabama.

(4) Any post-accident investigation and/or reconstruction occurred in Virginia, and witnesses performing such investigation and/or reconstruction

necessarily, if not residents of Virginia, were in Virginia performing these tasks.

In support of his Opposition to Motions to Transfer [filed June 19, 1997], Plaintiff Guttery has filed an Affidavit stating that he is the Thermal Engineering Manager for the Reynolds Metals Alloys Plant located in Sheffield, Alabama. He states that for the project on which the accident in question occurred, he was assigned to head a plant team designated to support and interface with the project engineering team located at Corporate Engineering at Reynolds Metals Headquarters in Richmond, Virginia. On the day of the accident in question, Plaintiff states in his affidavit that he was at the test site in Richmond, Virginia; also present were the individual defendants Robert Ellson and Robert Daugherty. Plaintiff further states in his affidavit that he intends to call several fact witnesses who are co-workers residing in Alabama and eight treating physicians residing in Alabama. It does not appear, however, in Plaintiff's June 19, 1997 Affidavit filed in opposition to the Motions to Transfer that the Alabama residents, Quinton, Patterson, Wells, Johnson and Harris whom Plaintiff proposes to call as his witnesses in his lawsuit against Defendants were present at the test site in Richmond, Virginia on the day of the explosion nor does Plaintiff seek to edify this Court with respect to the purported importance of these Alabama residents to his case.

In determining access to sources of proof and in balancing the convenience of witnesses, transfer to the federal district court in Virginia is clearly in the interest of justice. *See Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963)(case

10

transferred to Oklahoma where most of the witnesses resided there and lawsuit's only connection to Mississippi was the plaintiff's residence).

### B. THE LOCATION OF THE ALLEGED WRONGFUL CONDUCT

Where none of the alleged conduct asserted by a plaintiff in his complaint takes place in the forum selected by the plaintiff, the plaintiff's choice of forum is of minimal value in determining whether to transfer an action. *Johnston*, 158 F.R.D. at 505 (citing *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp.. 8 (S.D. Fla. 1985)); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (7th Cir. 1995), *cert. denied,* 350 U.S. 822 (1955). **PLAINTIFF'S STATUTORY PRIVILEGE OF CHOOSING HIS FORUM IS NOT A CONTROLLING FACTOR IN DETERMINING WHETHER A FEDERAL DISTRICT COURT CAN, FOR CONVENIENCE OF PARTIES AND IN INTEREST OF JUSTICE, TRANSFER ACTION TO ANOTHER DISTRICT COURT; ULTIMATELY, THE TRIAL JUDGE MUST USE HIS DISCRETION.** *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).[1]

The accident in question which the Plaintiff Guttery complains of occurred in Virginia. This Court finds and determines that for the convenience of the parties and in the interest of justice, the above entitled civil action should be transferred to a federal district court in Virginia, the location of the accident at question in this lawsuit.

---

[1] *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 30, 1981).

C. APPLICATION OF STATE LAW

Since this is a diversity case, this federal district court, sitting in Alabama, in conformity with Eleventh Circuit Court of Appeals binding precedent, is required to follow the conflict of laws rules of the state in which it sits.[2] The conflict of laws rules of the State of Alabama provide powerful and persuasive support to Defendant Eclipse Combustion's 28 U.S.C. § 1404(a) Motion To Transfer the above-entitled civil action against the corporate and individual defendants to the United States District Court of the Eastern District of Virginia, Richmond Division, **the federal judicial district in which the accident which is the subject of this lawsuit occurred, namely, Reynolds Metal Company in Richmond, Mississippi.**

In tort actions, Alabama continues to apply the traditional choice of law principles of *lex loci delicti*. *Morris v. SSE, Inc.*, 912 F.2d 1392, 1396 (11th Cir. 1990) and under the principle of *lex loci delicti* an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So.2d 819, 820 (Ala. 1991). **Thus, if the above-entitled civil action remains and is tried in this United States District Court for the**

---

[2] *Griese-Traylor Corp. v. First National Bank of Birmingham*, 572 F.2d 1039, 1042 (5th Cir. 1978).

*Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 30, 1981).

Northern District of Alabama in its Northwestern Division where it was filed by Plaintiff Guttery, this United States District Court sitting in Alabama will [and must] determine this Plaintiff's substantive rights according to the law of the State of Virginia where the allegedly tortious act occurred. This undeniable law and fact, together with this federal district court's unfamiliarity with the governing state laws of Virginia,[3] weighs heavily in support of the § 1404(a) transfer.

II. THE COURT'S DISCRETION TO TRANSFER CIVIL ACTIONS

The decision to transfer a case to another district is left to the sound discretion of the trial court. *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B, July 1981), *cert denied*, 456 U.S. 918 (1982).[4] Absent a clear abuse of discretion, an appellate court will not reverse a court's decision to transfer a case. *Id*. These "transfer" propositions of law were reaffirmed in *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1997 (11th Cir 1991).

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3855, p. 472, **Appellate Review of Transfer Rulings**, comments that:

> It is entirely settled that an order granting or denying a motion to transfer under 28 U.S.C. § 1404(a) is interlocutory and not immediately appealable under 28 U.S.C. § 1291. The order [p. 473] can be reviewed on appeal from a final judgment in the action although it is

---

[3] See *Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964).

[4] In *Stein v. Reynolds Sec. Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of Unit B of the former Fifth Circuit.

very unlikely to constitute reversible error [p. 473] at that stage of the case [p. 474] and in any event if a transfer was made from a district court in one circuit to a district court in another, the court of appeals in the latter circuit cannot directly review the action of the first district court in ordering transfer . . . The propriety of some form of interlocutory review seems quite clear if the issue goes to the **power of the district court** to make the order it did and only a question of law is presented.[5] But a very compelling argument can be made that if there is no question of power, and the only issue is whether the district judge exercised his discretion properly in considering the factors mentioned in the statute in granting or refusing the transfer, interlocutory review ought not to be available. This is the view of the commentators [footnote omitted], it is the view of the American Law Institute [footnote omitted], and it has been the view of many distinguished appellate judges.

### PROVISIONS OF 28 U.S.C. § 1404(a) DISTINGUISHED FROM DOCTRINE FORUM NON CONVENIENS

When Congress adopted § 1404(a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in *Ex parte Collett*, 337 U.S. 55-61, 69 S.Ct. 944, 947, 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. **As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.** [Emphasis supplied]. *Norwood v. Kirkpatrick*, 349 U.S. 544, 546 (1955).

---

[5] [Court footnote]: The Pocket Part of Wright, Miller & Cooper, Vol. 15, § 3855, at p. 83, cites as supporting authority for this last referenced comment: *Sterling Forest Associates, Ltd. v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988), and *Gower v. Lehman*, 799 F.2d 925, 927 (4th Cir. 1986).

*CONCLUSION*

This case is due to be transferred to the United States District Court for the Eastern District of Virginia, Richmond Division. By Order of this Court contemporaneously entered the Clerk of this Court will be directed to take all necesssary steps to effect this transfer.

DONE this 1st day of July, 1997.

                                                  /s/ E. B. Haltom
                                              E. B. HALTOM, JR.
                                      SENIOR UNITED STATES DISTRICT JUDGE


FLORENCE, ALABAMA ADDRESS:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL  35630
Telephone: 205/760-8415